IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA A. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:17cv208-MHT |
| | ) | (WO) |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

On April 10, 2017, plaintiff filed her complaint and appeal of the Social Security Administration's determination as to disability benefits. On June 15, 2017, the United States Magistrate Judge held a hearing with plaintiff and discussed her motion to proceed *in forma pauperis* as well as her *pro se* status. The magistrate judge also explained that proceeding *pro se* (representing herself) would not excuse her from complying with court rules, orders, and deadlines. After the hearing, the court entered an order granting plaintiff's request to proceed without the prepayment

of filing fees and setting forth that plaintiff's brief in support of her claims was due 40 days after defendant filed her answer. The order also included a detailed statement on what the brief should contain.[1] Defendant filed her answer on September 21, 2017. As such, plaintiff's brief was due on October 31, 2017. To date, plaintiff has not filed a brief or other response.

---

1. The order states:

"The plaintiff's brief shall contain a section titled 'Statement of the Issues.' In this section in numbered paragraphs, the plaintiff shall state in a concise, specific manner each issue which the plaintiff presents to the court for resolution. Issues not presented in the Statement of the Issues will not be considered ... The briefs shall not exceed a total of 15 pages, except as approved by the court upon motion. ... Claims or contentions by the plaintiff alleging deficiencies in the ALJ['s] consideration of claims or alleging mistaken conclusions of fact or law ... must include a specific reference by page number, to the portion of the record which (1) recites the ALJ's consideration or conclusion and (2) which supports the party's claims, contentions or arguments."

Order (doc. no. 7) at ¶¶ 4 & 6 (emphases omitted).

On November 6, 2017, the court entered an order requiring plaintiff to show cause why she failed to file her brief in support of the complaint. The order included the following warning: "*The Plaintiff is specifically cautioned that if she fails to respond to this order, this case will be dismissed for failure to prosecute.*" Order (doc. no. 15) at 2 (emphasis in original). Plaintiff has filed no response to the order.

This case merits dismissal for failure to prosecute as there have been no responses to the court's orders, and the court adequately warned plaintiff of the consequences of not responding. In light of plaintiff's failure to comply with the court orders issued on June 15, 2017, and November 6, 2017, the court concludes that plaintiff has abandoned her claims. "[E]ven a non-lawyer should realize the peril to her case, when she ... ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion*

*Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980);[2] *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the court finds it appropriate to exercise its "inherent power" to "dismiss [plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

An appropriate judgment will be entered.

DONE, this the 7th day of December, 2017.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

---

2. The Eleventh Circuit has adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc).*